Filed 9/17/24  P. v. Torres CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087742 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MCR0066449B) |
| MARCIANO TORRES, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Madera County.  James E. Oakley, Judge.

Matthew J. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Franson, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a guilty plea that finally disposes of all issues between the parties. (Cal. Rules of Court,[1] rule 8.304(b); Pen. Code,[2] § 1237.5.)

## STATEMENT OF THE CASE

On August 3, 2021, Marciano Torres was charged by information with the following offenses against Brenda Doe, all of which allegedly occurred between March 27, 2018 and May 14, 2020: Sexual intercourse by a person 18 years of age or older with a child 10 years of age or younger ("the first time") (§ 288.7, subd. (a)); count 1); sexual intercourse by a person 18 years of age or older with a child 10 years of age or younger ("the last time") (§ 288.7, subd. (a)); count 2); sodomy by a person 18 years of age or older with a child 10 years of age or younger ("the first time") (§ 288.7, subd. (a)); count 3); sodomy by a person 18 years of age or older with a child 10 years of age or younger ("the last time") (§ 288.7, subd. (a)); count 4); committing a lewd or lascivious act upon or with the body of a child under the age of 14 years ("the first time the defendant made Brenda Doe touch his penis") (§ 288, subd. (b)(1)), count 5; and committing a lewd or lascivious act upon or with the body of a child under the age of 14 years ("the last time the defendant made Brenda Doe touch his penis") (§ 288, subd. (b)(1)), count 6.

On February 5, 2024, pursuant to the terms of a plea agreement, Torres pled guilty to the two charges of committing a lewd or lascivious act (counts 5 and 6) and admitted the aggravating factor as to each count that the victim was particularly vulnerable (rule 4.421(a)(3)) in exchange for a stipulated term of 10 years of imprisonment on each count (the upper term for the offense), to be fully consecutive (§ 667.6, subd. (d)), for an

---

[1] Subsequent rule references are to the California Rules of Court.

[2] All statutory references are to the Penal Code unless otherwise stated.

2.

aggregate term of 20 years.  Torres also agreed to a 10-year criminal protective order.  The parties stipulated to the August 2, 2021, preliminary hearing transcript as the factual basis for the plea.

On March 4, 2024, the trial court sentenced Torres to 20 years in prison and imposed the agreed-upon criminal protective order.  The court also ordered him to register as a sex offender pursuant to section 290, ordered a $300 restitution fine and a $300 parole revocation fine, and waived any further fines and assessments.  Additionally, the court ordered a fee equal to the cost of any medical examination of the victim for the collection and preservation of evidence pursuant to section 1203.1h, subdivision (b).  The court awarded Torres 1,384 days in custody credits and 207 days in conduct credits, for a total of 1,591 days.  Finally, the court dismissed the remaining counts and a trailing misdemeanor in the interests of justice.

## STATEMENT OF FACTS

At the preliminary hearing, Madera Police Detective Heath Middleton testified that on May 18, 2020, a forensic interview of the then nine-year-old victim was conducted.  During that interview, the victim stated that defendant, who rented a room from her parents, had made her put her hand on his penis "every day" while he lived there, when she was between six and nine years old.  She specifically described two times when that occurred.

## APPELLATE COURT REVIEW

Torres's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes the declaration of appellate counsel indicating Torres was advised he could file his own brief with this court.  By letter on July 25, 2024, we invited Torres to submit additional briefing.  To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Torres.

## DISPOSITION

The judgment is affirmed.